## DANIEL WILKINSON, 2d, *v.* PROVIDENCE BANK.

A Writ of Mandamus will only be granted to enforce private rights of property where there is no adequate remedy at Common Law, and such a remedy is provided in a suit for damages in case of the refusal of a Bank to permit the transfer of shares in its capital stock.

THIS was a petition for a Writ of Mandamus. The facts are set forth in the Court's opinion.

GREENE, C. J. The petition states that Amasa W. Whipple was the owner of seven shares in the capital stock of the Providence Bank, including the three which are the subject of this application, and on the 10th day of May, 1849, assigned them all, with other property, to Lewis E. Trescott, in trust, for the benefit of his creditors: that Trescott gave due notice of the assignment to the cashier and other officers of the bank, and sold four of the shares for the purposes of the trust, the bank requiring the transfer of the same to be signed by said Whipple as well as Trescott, who acquiesced in this requirement, supposing such was the law: that during the absence of Trescott in Europe, the dividends on the remaining three shares were received by Whipple, on an order of Trescott in his favor.

That on the 28th day of November, 1853, Trescott sold one of said shares to the petitioner, and went to

the bank to transfer the same on the books of the bank, but the officers of the same refused to permit the transfer to be made; and on the 29th of the same month, both Trescott and the petitioner went to the bank and demanded to be permitted to transfer the same on the books of the bank, which was again refused by the officers of the bank, and the petitioner was also refused his dividends on said share and all rights as a stockholder in the bank.

The petition further states that the petitioner paid a valuable consideration for said share; that the property assigned to Trescott, including this share, is insufficient to pay the creditors for whose benefit the assignment was made, and that soon after making the same, said Whipple made another assignment under the insolvent act of this State, to Francis E. Hoppin, in trust, for the benefit of his creditors, both which assignments are in full force.

The cashier of the bank has come in upon this petition, and made his affidavit in reply thereto, in which he states that the dividends upon the four shares sold by Trescott, as stated in the petition, were, previous to and until such sale, paid upon Whipple's checks, as were the dividends on the remaining three shares, except the last dividend thereon, which remains unpaid.

The affidavit further states, that said bank did refuse to permit the share to be transferred to the petitioner on the books of the bank, because, previous to such refusal, the affiant, as cashier, was, on the 10th day of August, 1853, served with a copy of a writ in favor of Seth Padelford & Co., against said Whipple, for the purpose of attaching said share, on said writ, as the property of said Whipple.

The affidavit further states that the bank have been advised by counsel, that by virtue of the process aforesaid, said share is attached, and the bank may be liable to the plaintiffs in the suit for the value thereof, should it be determined by the Court that the share belonged at the date of the service to the said Whipple, in whose name it stands on the books of the bank, and that it would not be safe or proper for the bank, under such circumstances, to permit the transfer on the books of the bank, or pay dividends thereon.

The affidavit further states, that so far as the affiant has any knowledge, verbal notice only was given to the bank of the assignment to Trescott, and that he had no knowledge of any order from Trescott to Whipple to receive the dividends on said share during his absence.

These are the material facts stated in the petition and the affidavit of the cashier, and the question is, do they make a proper case for the application of the remedy prayed for ? If they do, the petitioner is entitled to it as a matter of right, and not at the discretion of the Court.

The Writ of Mandamus is a summary remedy, which admits of no pleadings; the proof is taken by *ex parte* affidavits, and the facts must be tried by the Court and not by a jury. The law, therefore, wisely restricts its application as a remedy to enforce mere private rights of property to cases where the applicant has no adequate remedy by action in the due course of the Common Law.

The case now before us illustrates the importance of this restriction. The attaching creditors, Padelford & Co., have attached this stock as the property of Whip-

ple, of course claiming it as still his so far as to be subject to attachment and sale. The petitioner claims the assignment to Trescott, and the sale by him, vest the stock free from the attachment. The present proceeding is a very imperfect mode of trying these questions.

The counsel for the petitioner contends that the remedy by action is not specific, and cannot give to the petitioner the stock and the corporate rights which he would have as the recognized holder of the stock, and therefore he is entitled to the specific relief which this writ affords. But the law regards bank stock as a subject of pecuniary value only, capable of being fully compensated for in damages. The corporate rights are merely incidental to the stock, and of no value except in connection with it. It is not necessary that the remedy should be specific, it is sufficient if it be adequate. This is the settled law, both in the English and American Courts.

The case of the *King* v. *the Bank of England,* (Douglas, 526,) was very similar to the present. It was an application by a party claiming to be the owner of certain shares in the capital stock of the Bank of England, for a Mandamus to the bank to compel them to permit the transfer thereof to be entered upon their books, which was resisted by the bank, and denied by the Court upon the ground that the party had an adequate remedy by action.

A similar application was made in *Shipley* v. *Mechanics Bank,* (10 Johnson, 484,) and decided in the same way, and for the same reason. The same view of the law is taken by the Supreme Court of Connecticut in the case of the *American Asylum* v. *Phenix Bank,*

Daniel Wilkinson, 2d, *v.* Providence Bank.

(4 Conn. 172.)   In the case of the *Freemen's Insurance Co.* (6 Hill, 243,) a similar decision was made.   Bronson, J. in giving the opinion of the Court, states that it is not necessary that the remedy by action should be specific, it is sufficient if it be adequate.

These authorities are all against the present application.   We think they are founded on just views of the extent to which this summary remedy should be applied to enforce private rights of property.

We leave the petitioner, therefore, to the common law remedy by action.

*Petition dismissed.*

*Manchester* for petitioner.

*Hayes* for defendants.